IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ALPHAE DOG HOLDINGS, LLC.,** *et al.*, | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-CV-161-O |
| **THREE WALL HOLDINGS, LLC.,** *et al.*, | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Alphae Dog Holdings, LLC. and Elijah Everett ("Elijah") (collectively "Plaintiffs")' Emergency Motion to Remand and Motion for Extension of Temporary Restraining Order (ECF No. 2), filed February 20, 2024. Having carefully considered the motion, response, reply, and applicable law, Plaintiffs' motion is **GRANTED in part** with regard to remand and **DENIED in part** with regard to sanctions and the extension of the TRO.

**I.   BACKGROUND**

   **A.  The Removal**

Defendants Three Wall Holdings, LLC, Paul Wallace, and Katie Wallace (collectively "Defendants") removed this action from the 67th Judicial District Court, Tarrant County, Texas, by notice of removal filed February 17, 2024.[1] Defendants allege that this Court has jurisdiction because

> [t]he Wallace Defendants and Plaintiffs are in front of this tribunal for claims related to federal trademark, unfair competition and theft of trade secrets. Due to the complexity of the federal issues that are substantially and centrally at issue, jurisdiction is proper in federal court.[2]

---

[1] Defs.' Not. of Removal, ECF No. 1.
[2] *Id.* at 5.

1

**B. The Claims Alleged by Plaintiffs in the State Court Action**

In their complaint, Plaintiffs allege that the parties came together and formed GearXchange, LLC ("GearXchange") in November 2023.[3] According to Plaintiffs, Defendants conspired to "oust Elijah from GearXchange," and did so improperly at a January 5, 2024 "Special Meeting."[4] Shortly thereafter, on January 25, 2024, Plaintiffs filed their complaint in Texas state court alleging the following causes of action:

(1) Tortious Interference of Business Relationships;

(2) Negligent Misrepresentation;

(3) Breach of Contract;

(4) Fraudulent Inducement;

(5) Conspiracy, Aiding, and Abetting; and

(6) Common Law Fraud.[5]

Additionally, Plaintiffs sought a temporary restraining order ("TRO"), an injunction, and declaratory relief.[6] Regarding the TRO and injunction, Plaintiffs asked the state court to issue an order restraining the Defendants from:

(1) Communicating to any third-party individuals or business entities not a member of GearXchange, LLC regarding anything related to GearXchange, LLC;"

(2) Communicating to any third-party individuals or business entities not a party to this lawsuit regarding Elijah Everett;

(3) Holding themselves out as an officer, director, manger, representative, or agent of GearXchange, LLC;

(4) Filing any legal documents with any governmental agencies containing any reference to themselves as an agent or representative of GearXchange, LLC in any capacity; and

---

[3] Pls.' Compl. 3, ECF No. 1-7.
[4] *Id.* at 5.
[5] *Id.* at 6–11.
[6] *Id.* at 6–8.

> (5) Publishing statements in social media or elsewhere asserting that they are an agent, officer, director, manager, or representative of GearXchange, LLC in any capacity.[7]

With regard to the declaratory relief, Plaintiffs asked the state court to declare that: (1) Defendants' "Special Meeting" did not alter the management or member structure of GearXchange; and (2) Defendants were not elected to officer positions of GearXchange from the "Special Meeting."[8]

## II. LEGAL STANDARD

Generally, any civil action brought in a state court where a federal district court has original jurisdiction may be removed by a defendant to the district and division embracing the place where the original suit pends. 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, the removal statute is subject to strict construction. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 810 (1986) (recognizing that removal "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system"). The party attempting to remove a case to federal court "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Absent diversity jurisdiction, cases cannot be removed if the complaint fails to affirmatively allege a federal claim under the well-pleaded complaint rule. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 5 (2003).

---

[7] *Id.* at 6–7.
[8] *Id.* at 8.

The United States Constitution provides in relevant part: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority[.]" U.S. CONST. art. III, § 2, cl. 1. "Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, [the Supreme Court] ha[s] long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." *Merrell Dow Pharm.*, 478 U.S. at 807 (citations omitted).

Whether a claim arises under federal law must be determined by reference to the well-pleaded complaint, and a defense that raises a federal question is inadequate to confer federal jurisdiction. *See id.* at 808 (first citing *Franchise Tax Bd. v. Constr. Lab. Vacation Tr.*, 463 U.S. 1, 9–10 (1983) and then citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). "Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b), moreover, the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Id.* The "arising-under" provision for federal-question jurisdiction is "invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). But a court may determine that a state-law claim "arises under" federal law if the state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

An exception to the well-pleaded complaint rule exists where there is complete preemption of the state claim by federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). The complete preemption doctrine provides that the preemptive force of some federal statutes is so

strong that "it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," such that removal is possible. *GlobeRanger Corp. v. Software AG* ("*GlobeRanger I*"), 691 F.3d 702, 705 (5th Cir. 2012) (quoting *Caterpillar Inc.*, 482 U.S. at 393)). For example, the Copyright Act is a federal statute that completely preempts the substantive field. *Id.* at 706.

The Copyright Act preempts state law claims when two conditions are met: (1) the "'work in which the right is asserted must come within the subject matter of copyright;'" and (2) "'the right that the author seeks to protect . . . [is] equivalent to any of the exclusive rights within the general scope of copyright.'" *GlobeRanger Corp. v. Software AG United States of Am., Inc.* ("*GlobeRanger II*"), 836 F.3d 477, 484 (5th Cir. 2016) (citing *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 785–86 (5th Cir. 1999)). A claim must satisfy both prongs of this test to be preempted and, if any claim is preempted, the entire action may be removed. *Id.*

### III.     MOTION FOR REMAND

Plaintiffs maintain that removal was improper because all of their claims arise solely under state law and have "absolutely nothing to do with the federal Lanham Act or anything related to trademark infringement."[9] In response, Defendants allege that Plaintiffs' state law claims are preempted by the Copyright Act because GearXchange's "application is at the crux of the entire business" and who has control over the application "underlies this entire action."[10] Additionally, Defendants argue that their defenses and counterclaims arise under federal law, and Plaintiffs' state law claims are based on violations of the Lanham Act and the Defend Trade Secrets Act.[11] In reply, Plaintiffs argue that: (1) their claim to ownership of the business is based on the operating

---

[9] Pls.' Mot. for Remand 2, ECF No. 2.
[10] Defs.' Resp. to Mot. to Remand 9–10, 12–13, ECF No. 10.
[11] *Id.* at 8, 13–14.

agreements and not ownership of a copyright, trademark, or trade secret; (2) the Copyright Act does not preempt a state law claim just because the business owns a digital application or copyright; and (3) Defendants' federal defenses and counterclaims cannot convert Plaintiffs' state action into a federal one.[12]

As a preliminary matter, the Court begins with some basic principles of federal jurisdiction. First is the fundamental principle that jurisdiction is determined based on the time of removal. *See, e.g.*, *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (explaining that federal jurisdiction is determined at the time of removal); *Barney v. Latham*, 103 U.S. 205, 215–16 (1880) ("The right of removal . . . depends upon the case disclosed by the pleadings as they stand when the petition for removal is filed."); *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014) ("Jurisdictional facts are determined at the time of removal."). This removal rule is a corollary of the "time-of-filing rule" that governs jurisdictional determinations for cases originally filed in federal court. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–73 (2004). A rule of "hornbook law," the time-of-filing rule traces at least as far back as an 1824 Supreme Court case holding that jurisdiction "'depends upon the state of things at the time of the action brought.'" *Id.* at 570–71 (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)). Therefore, the Court must look at Plaintiffs' complaint at the time of removal to determine whether the state law claims are preempted or federal in nature.

Having reviewed the complaint, motion, response, reply, and relevant law, the Court finds that the material at issue in this case does not fall withing the subject matter of the Copyright Act, the Lanham Act, or the Defend Trade Secrets Act. There is nothing in Plaintiffs' complaint that indicates any dispute over a trademark, trade secret, or digital application. As discussed above,

---

[12] Pls.' Reply 3–6, ECF No. 12.

Plaintiffs' complaint alleges six state law claims against Defendants based on the alleged improper ouster of Elijah under the parties' operating agreements, allegedly false representations made by Defendants to Elijah and third parties, and alleged conspiracy to induce Plaintiffs into a contract.[13] A review of Plaintiffs' complaint reveals zero references to the Lanham Act, copyrights, or trade secrets, one reference to trademarks,[14] and four references to intellectual property.[15] Finally, the relief sought by Plaintiffs focuses entirely on the reinstatement of Elijah to his position at GearXchange and stopping Defendants from continuing to operate the business without him.[16]

The Court is unpersuaded by Defendants' efforts to convert a state law case into a federal one. The crux of Defendants' position is that Plaintiffs' claims are preempted by the Copyright Act due to the allegation that Defendants attempted to steal a "company built upon [a digital] application" away from them.[17] Defendants ask this Court to find that a contractual dispute between the parties is preempted by federal law simply because the business at issue owns a digital application.[18] But the consequences of adhering to such a position would be the preemption of every state law case in which the ownership of a technology company is at issue. Consequently, the Court declines to adopt Defendants' theory and finds that Plaintiffs' claims are not preempted by the Copyright Act, the Lanham Act, or the Defend Trade Secrets Act.

---

[13] Pls.' Compl. 6–11, ECF No. 1-7.
[14] Elijah owns the GearxChange trademark and domain. *Id.* at 4.
[15] *See generally id.* at 3 ("The fundamental concept . . . was created by [Elijah] . . . and is his intellectual property."); *id.* at 4 ("Elijah provided all intellectual property and ideas/concepts."); *id.* at 6 ("Hoping to profit off of the ideas, concept, and intellectual property of Plaintiffs, Defendants continue to operate GearXchange with their fraudulent titles."); *id.* at 10 ("Defendants' actions of enticing [Elijah] to disclose his intellectual property to them and then . . . remov[ing] him . . . was done to benefit Defendants to the detriment of [Elijah].").
[16] *Id.* at 7–8, 12.
[17] Defs.' Resp. to Mot. to Remand 13, ECF No. 10.
[18] *Id.* at 9–13.

Furthermore, the Court is unpersuaded by Defendants' argument that their federal defenses and counterclaims give this Court jurisdiction.[19] It is well established that

> the presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. . . . [A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc*., 356 F. Supp. 3d 612, 616 (N.D. Tex. 2019) (quoting *Caterpillar*, 482 U.S. at 398–99). In this case, Defendants bear the burden of showing that federal jurisdiction exists, and that removal was proper. *Mumfrey*, 719 F.3d at 397. Defendants have wholly failed to carry that burden, such that the Court lacks jurisdiction in this case.

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand.

## IV.     OTHER MOTIONS

In addition to moving for remand, Plaintiffs also ask this Court to extend the TRO and impose sanctions against Defendants.[20] Because the Court is remanding this case and the TRO has expired, the Court **DENIES as moot** Plaintiffs' motion for extension of the TRO. Further, the Court **DENIES** Plaintiffs' motion for sanctions as the Court does not find that Defendants acted in bad faith or with the sole purpose of causing delay.

---

[19] *Se id.* at 9 (arguing that a federal question exists, in part, because Defendants' "defenses and counterclaims expressly arise under federal law").
[20] Pls.' Mot. to Remand 8–10, ECF No. 2.

8

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Emergency Motion to Remand and Motion for Extension of Temporary Restraining Order (ECF No. 2) is **GRANTED in part** with regard to remand and **DENIED in part** with regard to sanctions and the extension of the TRO.

**SO ORDERED** this **14th** day of **March, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**